IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JANICE CURLE,<br><br>        Plaintiff,<br><br>v.<br><br>TRANS UNION LLC,<br><br>        Defendant. | Case No.: 8:25-cv-458<br><br>**COMPLAINT**<br><br>**AND DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Plaintiff, Janice Curle, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA") Trans Union LLC (Trans Union) has negligently and recklessly disseminated false information regarding the Plaintiff's credit.

2. Plaintiff further alleges that Trans Union failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared concerning Plaintiff and failed to investigate credit report inaccuracies in response to Plaintiff's dispute.

3. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

4. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15

U.S.C. § 1681p. All defendants regularly conduct business within the state of Florida and violated Plaintiff's rights under the FCRA in the state of Florida as alleged more fully below.

5. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendants conducts business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

6. Plaintiff, Janice Curle ("Plaintiff"), is a resident of Venice, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Defendant Trans Union is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers.

8. Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

9. Trans Union is a company with its principal place of business located at 555 West Adams Street, Chicago, IL 60661.

## FACTUAL ALLEGATIONS

10. The FCRA prohibits the use or obtaining of credit reports by persons, save

those who have one of the permissible purposes enumerated by the statute.

11. When a person or company pulls a consumer's credit report, that results in an inquiry being listed on the consumer's credit report.

12. A soft inquiry occurs when a consumer's credit report is checked for non-lending purposes, such as a pre-approval offer, background check, or when reviewing a consumer's own credit report.

13. Soft inquiries do not affect the consumer's credit score and are only visible to the consumer, not lenders.

14. A hard inquiry occurs when a lender or creditor checks a consumer's credit report as part of a decision to extend credit, such as when applying for a loan, credit card, or mortgage.

15. The recording of a hard inquiry on a consumer's credit report will typically drop the consumer's credit score.

16. Defendant Trans Union is reporting a hard inquiry by American Express dated April 23, 2023, on the Plaintiff's credit report maintained by the company.

17. However, on or about April 23, 2023, Plaintiff applied for a Blue Cash Everyday Card with American Express but was not approved.

18. Upon information and belief, American Express allows consumers to apply for credit cards without any impact on their credit score. Only upon accepting

the card, should the information have provided impact the consumer's credit score.

19. The application process should not have impacted Plaintiff's credit score because American Express only pulled her credit report.

20. The American Express inquiry should have been reported as a soft inquiry.

21. Despite this, Defendant Trans Union reported, and continues to report, the American Express inquiry as a hard inquiry.

22. In fact, American Express has acknowledged its error and on September 27, 2024, – in a response to the Plaintiff's complaint to the CFPB – confirmed that the inquiry on April 23, 2023, should be reported as a soft inquiry.

23. American Express confirmed the status of the inquiry as a soft inquiry again on October 11, 2024, in response to Plaintiff's second complaint to the CFPB.

24. After her efforts to have this corrected with American Express and the CFPB seemingly hit a dead end, Plaintiff then disputed the reporting of this inaccurate information with Trans Union on October 31, 2024.

25. Within 30 days of receipt of the Plaintiff's disputes, the Defendant was required to investigate the disputed information and provide the Plaintiff with the results of their investigation.

26. Despite having received this dispute, Defendant has refused or otherwise

COMPLAINT
-4-

failed to investigate the dispute and to correct this inaccurate and disputed information.

27. At all times pertinent hereto, Trans Union's conduct was willful and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

28. As a direct and proximate result of the Defendant's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed in her daily life. For example, the Plaintiff's credit scores dropped because of this inaccurate reporting, and the Plaintiff has been unable to get credit on favorable terms as a result of the Defendant's inaccurate reporting, causing the Plaintiff to sustain monetary damages. In addition, Plaintiff has been denied credit on multiple occasions because of the Defendant's actions. Plaintiff further suffered emotional distress along with frustration and annoyance because of the Defendant's actions.

### COUNT I
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i
### AGAINST TRANS UNION

29. All preceding paragraphs are realleged.

30. At all times pertinent hereto, Trans Union was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

31. The FCRA provides that if a CRA conducts an investigation of disputed

information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. See 15 U.S.C. § 1681i(a)(5)(A).

32. On October 31, 2024, the Plaintiff initiated a dispute with Trans Union requesting that they correct and remove this American Express inquiry in her credit file that was patently inaccurate and damaging to her.

33. Trans Union received this dispute, as evidenced by their response to the Plaintiff on November 8, 2024.

34. Trans Union, having either conducted no investigation or failing to conduct a reasonable investigation, continued to report these inaccurate items on the Plaintiff's credit file, something that any basic investigation would have prevented.

35. As a direct and proximate result of Trans Union's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

### COUNT II
### FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
### 15 U.S.C. § 1681e(b)
### AGAINST TRANS UNION

36. All preceding paragraphs are realleged.

37. Section 1681e(b) of the FCRA requires that, "Whenever a consumer

reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

38. Were Trans Union to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed or corrected the inaccurate American Express inquiry being reported on the Plaintiff's credit reports, especially where a basic investigation of the Plaintiff's dispute would have corroborated Plaintiff's dispute.

39. As a direct and proximate result of Trans Union's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## DEMAND FOR TRIAL BY JURY

40. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

A. Awarding Plaintiff actual damages;

B. Awarding Plaintiff statutory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E. Awarding pre-judgment interest and post-judgment interest;

F. A declaration that the Defendant's conduct alleged herein is unlawful, as set forth more fully above;

G. Equitable relief, enjoining the Defendant from engaging in the unjust and unlawful conduct alleged herein; and

H. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Respectfully Submitted this: February 24, 2025

/s/ David Pinkhasov
David Pinkhasov, FL Bar No. 1040933
Consumer Attorneys
68-29 Main Street
Flushing, New York 11367
T: (718) 701-4605
F: (718) 715-1750
E: dpinkhasov@consumerattorneys.com

*Attorneys for Plaintiff*
*Janice Curle*